IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL EDWIN DUNCAN, JR, ) <br>     ID # 01323578, ) <br>         Petitioner, ) <br> ) <br> vs. ) <br> ) <br> DIRECTOR, Texas Department of Criminal ) <br> Justice, Correctional Institutions Division, ) <br>         Respondent. ) | No. 3:21-CV-1869-B-BH <br><br><br> Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on August 10, 2021 (doc. 3). Based on the relevant filings and applicable law, the petition should be **DENIED** with prejudice as barred by the statute of limitations.

### I.     BACKGROUND

Michael Edwin Duncan, Jr. (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2005 conviction and life sentence in the 203rd Judicial District Court of Dallas County, Texas. (*See* doc. 3 at 2.) The respondent is the Director of TDCJ-CID. (*See id.* at 1.)

On August 11, 2005, Petitioner was convicted of murder in Case No. F-0455333-TP in the 203rd Judicial District Court of Dallas County, Texas, and sentenced to life imprisonment. (*See id.* at 2); *State v. Duncan*, No. F-0455333-TP (203rd Dist. Ct., Dallas County, Tex. Aug. 11, 2005). On May 30, 2006, the judgment was affirmed on appeal. *See Duncan v. State*, No. 05-05-01136-

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

CR, 2006 WL 1461189 (Tex. App.—Dallas May 30, 2006, no pet.).  He did not file a petition for discretionary review with the Texas Court of Criminal Appeals.  His state habeas application, signed on August 16, 2020, was received by the trial court on September 22, 2020.  *See Ex parte Duncan*, No. W04-55333-P(A) (203rd Dist. Ct., Dallas County, Tex. Sept. 22, 2020).  On May 12, 2021, the Texas Court of Criminal Appeals denied the habeas application without written order on the findings of the trial court without a hearing and on an independent review of the record.  *See Ex parte Duncan*, No. WR-92,466-01 (Tex. Crim. App. May 12, 2021).

Petitioner's asserts general claims of prosecutorial misconduct and ineffective assistance of counsel.  (doc. 3 at 6.)

## II.    STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104–132, 110 Stat. 1214, on April 24, 1996.  It applies to all federal petitions for habeas corpus filed after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat. 1217-1221 (governing habeas petitions in federal court).  Among its provisions, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief.  *See* 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner's conviction became final for purposes of § 2244(d)(1)(A) on June 29, 2006, when the thirty-day time frame for seeking further review after his conviction was affirmed on direct appeal on May 30, 2006, expired. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires."). Petitioner does not allege that state action prevented him from filing a § 2254 petition earlier, and he has not alleged any newly recognized constitutional right made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B), (C).

Petitioner's allegations became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date his conviction became final is the latest date under § 2244(d), the one-year statute of limitations began to run from that date, June 29, 2006. Petitioner filed this habeas action over fifteen years later. His § 2254 petition is therefore untimely in the absence of statutory or equitable tolling.

**A.    Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's state habeas application was signed on August 16, 2020, and received by the

3

trial court on September 22, 2020, over thirteen years after his limitations period expired on June 29, 2007. It therefore does not toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that habeas application filed in state court after expiration of the limitations period does not statutorily toll the limitations period). The statutory tolling period does not save the petition.

**B.    Equitable Tolling**

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2000) (recognizing that only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner claims that he "has waited to file his writ application for over fourteen years because he is not an attorney." (doc. 4 at 1.) Petitioner's *pro se* status and lack of legal knowledge does not justify equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000); *Webster v. Stephens*, No. 4:13-CV-859-A, 2014 WL 201707, at *2 (N.D. Tex. Jan. 17, 2014) ("It is well settled . . . that a petitioner's pro se status, indigence and lack of knowledge of the law, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period.") (citing *Felder*, 204 F.3d at 171-72; *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999)). Petitioner has not met his burden to establish circumstances warranting equitable tolling of the statute of limitations.

**C.     Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so

strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

Petitioner challenges the sufficiency of his indictment for murder and argues that the charge and indictment for murder under which he was convicted "by law from the Texas Penal Code could not have taken place by any means." (doc. 3 at 6; *see also* doc. 4 at 4-7.) He admits, however, that he "commit[ted] the offense of Unauthorized use of a Vehicle as well as Evading Arrest or Detention which caused the death" of an individual. (doc. 4 at 4.). Liberally construing these allegations as a claim of actual innocence on his murder conviction, the evidence on which he relies, consisting of court records and state statutes, do not present evidence of actual innocence. He is therefore not entitled to equitable tolling on the basis of alleged actual innocence.

### III.     RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on August 10, 2021 (doc. 3), should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 24th day of November, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE