IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL EDWIN DUNCAN, JR,<br>    ID # 01323578,<br>        Petitioner,<br><br>vs.<br><br>DIRECTOR, Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | )<br>)<br>)<br>)<br>)   No. 3:21-CV-1869-B-BH<br>)<br>)<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Objections to Magistrate's Report and Recommendation*, received on December 17, 2021 (doc. 9). Based on the relevant filings and applicable law, the motion should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**I.   BACKGROUND**

Michael Edwin Duncan, Jr. (Petitioner) filed a federal habeas petition under 28 U.S.C. § 2254 that was received on August 10, 2021. (*See* doc. 3.) On November 24, 2021, it was recommended that the petition be denied with prejudice as barred by the statute of limitations. (*See* doc. 6.) The recommendation was accepted, the § 2254 petition was denied with prejudice as barred by the statute of limitations, and judgment was entered on December 13, 2021. (*See* docs. 7-8.)

On December 17, 2021, Petitioner's objections to the recommendation, dated December 10, 2021, were received. (*See* doc. 9.) He challenges the findings that he was not entitled to

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

statutory tolling, equitable tolling, or tolling based on actual innocence. (*See id.* at 1-3.)

## II. NATURE OF FILING

Although he does not state when he received a copy of the recommendation that his § 2254 petition be denied as barred by the statute of limitations, Petitioner contends his deadline for filing objections to it was December 11, 2021. (*See id.* at 1.) His objections are dated December 10, 2021, and he claims he placed them in the prison mail system the same day. (*See id.* at 2, 4.) The objections are therefore construed as timely pre-judgment objections to the November 24, 2021 recommendation. *See, e.g.*, *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Because Petitioner's objections were received within 28 days of the entry of judgment, they should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021); *see also Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment) (citing *Bagley v. Bd. of Directors-Farmers Nat'l Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment)).

## III. FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party

2

must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner appears to argue that his § 2254 petition should be statutorily tolled because his state habeas application, dated August 16, 2020, and received by the trial court on September 22, 2020, was timely, and that his petition was filed over fifteen years after his conviction and sentence because his trial counsel did not object to the indictment under which he was convicted. (*See id.* at 1, 3.) He also argues that the statute of limitations should be equitably tolled for him "to review the records from the conviction and find out that his conviction is one that does not fit the element by law," and because he "was indigent and could not hire an attorney to present this at the trial and after being in prison going to the law library and researching law to help overcome the issues made in error by the illegal conviction would take time to address and this is part of the reason for the delay." (*Id.* at 3.) He also reasserts his claim that he is actually innocent because the indictment under which he was convicted was false. (*See id.* at 2-3.)

He does not allege any new evidence or a change in the law, and he has not demonstrated a manifest error of law or fact. As noted in the recommendation, under the Antiterrorism and

3

Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, Petitioner's one-year limitations period to file his § 2254 petition expired on June 29, 2007, in the absence of tolling. (*See* doc. 6 at 2-3.) Because Petitioner did not file his state habeas application until over thirteen years after his limitations period expired, the state habeas application did not statutorily toll the limitations period. (*See id.* at 3-4.) The recommendation also noted that Petitioner's argument that his *pro se* status and lack of legal knowledge caused the delay in filing his § 2254 petition for over fourteen years after the limitations period expired did not justify equitable tolling. (*See id.* at 5). Further, the recommendation noted that his claim of actual innocence challenging the charge and indictment under which he was convicted, and the evidence upon which he relied, did not present evidence of actual innocence. (*See id.* at 5-6.)

Because Petitioner has not shown the availability of new evidence not previously available, an intervening change in controlling law, or that a manifest error of law or fact was made, he has not shown that he is entitled to relief under Rule 59(e).

### IV.   RECOMMENDATION

The *Objections to Magistrate's Report and Recommendation*, received on December 17, 2021 (doc. 9), should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**SIGNED this 2nd day of February, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE